JOHN C. WHELAN and others *vs.* BOARD OF COUNTY COMMISSIONERS OF SIBLEY COUNTY and others.

June 9, 1881.

**Pleading—Indefiniteness—Duplicity.**—The objection that a pleading is indefinite or uncertain, for the purpose of a motion to strike out, can be made only when the allegations are so confused that what facts are intended to be charged is not apparent, or it is not apparent upon what facts the party relies to sustain the action or defence. In an action brought by several plaintiffs, the complaint is not obnoxious to the charge of duplicity merely because, in alleging a cause of action in favor of all it alleges facts which might sustain an action brought by only one.

The plaintiffs, being tax-payers and residents of Sibley county, one within, and the others without, the borough of Henderson, in that county, unite in bringing this action in the district court for the county, against the board of commissioners and the county treasurer, the borough and its treasurer, and one Barnard.

These appeals are taken from two orders of the court, *Macdonald,* J., presiding, one striking out the entire complaint as to defendant Barnard, and the other striking out certain portions of it as to the county commissioners and county treasurer.

The complaint, after the usual allegations as to the parties to the action, alleges: "That the borough of Henderson is situate substantially on the border of said county of Sibley, and the same is now, and for many years last past has been, the county seat of that county. But it is the desire and intent of the major portion of the legal voters of that county shortly to remove the county seat of that county to some point near the centre thereof, to the end that the same shall be more accessible to the inhabitants of such county having business thereat and occasion to pass to and from the same to and from their homes. That, nevertheless, with the intent, design and purpose of preventing such removal, and of permanently fixing the county seat of such county at said borough of Henderson, certain evilly-disposed inhabitants of said borough of Henderson have wrongfully conspired together to induce the county commissioners of said county and the constituted authorities and council of said borough of Henderson to erect and construct, within said borough of Henderson, a building at the joint expense of said borough of Henderson and of said county of Sibley, and to be a city hall for said borough of Henderson, and also a court-house for said county of Sibley, and upon the terms and conditions expressed in the two resolutions hereinafter mentioned." [The foregoing is the first portion of the complaint struck out on motion of the county commissioners and county treasurer.]

The complaint then sets out that, under a special act of the legislature, (Sp. Laws, 1879, *c.* 177,) authorizing it to issue bonds to build a city hall, the borough of Henderson has issued and sold bonds to the amount of $5,000; that its treasurer has paid the proceeds to the county treasurer, and the same has been accepted by him, under certain resolutions by the board of county commissioners, by which it was provided that the county should build a court-house, at a cost of not less than $7,500, on a certain tract of land owned by it in the borough of Henderson, provided the borough should donate $5,000 of this sum, and, in consideration thereof, granting to the borough

v.28—6

the use of a portion of such building for a city hall, with certain privileges in regard to the purchase of the property, in case the county seat should be removed; that the county commissioners have entered into a contract with defendant Barnard to build the court-house for the sum of $7,490; and that all the acts of defendants are unauthorized and unlawful. The complaint also contains the following allegations, which are the residue of the complaint struck out, on motion of the county commissioners and county treasurer:

"That said board of county commissioners have never entered into, executed or ratified such pretended contract or the terms thereof by any resolution thereof or otherwise, and no meeting thereof has been had since May 29, 1879.

"That said defendant Frank Barnard has and had full knowledge and notice of all said facts at and before the execution of such pretended contract by him; nevertheless he is now proceeding to perform the same, and the said pretended committee and the county commissioners of said Sibley county threaten and intend to wrong-fully appropriate and pay to said Frank Barnard part of the funds of said county, and also all the said sum of $5,000, for and on account of performance of such pretended contract and job, and will do so unless restrained by said court.

"That it is the duty of said board of county commissioners to pro-vide a suitable court-house, and a suitable and sufficient jail, and fire-proof offices and other necessary buildings for the use of said county; but the question whether the building contemplated by said pretended contract with said Barnard is or ever will be a suitable court-house for said county, or a suitable and sufficient jail or fire-proof offices for said county or other necessary buildings, or build-ings for said county, has not at any time been duly or otherwise considered or passed upon by said board of county commission-ers, as contemplated by law or otherwise. But, on the contrary thereof, said board of county commissioners has merely considered and passed on the question whether it will provide a building suitable for a court-house for said county, as well as for a city hall for said borough of Henderson; and the particular building contemplated by

and described in said pretended contract has never been resolved upon by said board of county commissioners at all.

"That said plaintiffs do not know and cannot ascertain the precise terms of said pretended contract, but they are informed by officers of such corporations, and charge the fact to be, that said contract does not on its face express that said building is to be for a court-house and jail for said county, and also for a city hall for said borough, nor any of the arrangements or plan of procedure expressed in and by said exhibits; also the said defendant Barnard is in collusion with the officers of said two corporations, and now falsely pretends that he entered into such contract without notice of such plan and arrangement, and unless such proceedings are restrained by this court, such contract will be performed by said Barnard, and the funds aforesaid will be wrongfully paid over to him in payment therefor, and thereby both said corporations and the inhabitants and tax-payers of said borough and county will be remediless, and portions of the property of said plaintiffs will be by taxation taken from them wrongfully, to supply the money so paid to said Barnard, and they will be remediless in the premises."

*Bangs & Emery* and *Warner & Severance,* for appellants.

*Daniel Picket* and *Sylvester Kipp,* for respondents.

GILFILLAN, C. J. The action is against the county commissioners of Sibley county, the borough of Henderson, the treasurer of the county, the treasurer of the borough, and Barnard, who had entered into a contract with a committee of the county commissioners for the partial erection of a building on land owned by the county within the borough. The theory of the action seems to be that the borough, having authority to build a city hall for the use of the borough, and to raise $5,000 for that purpose by its bonds, did raise the amount and pay it over to the county treasurer, to be expended by the county commissioners in constructing, on land of the county, in the borough, a building, to be used as a county building and city hall for the borough, upon the understanding that, in the event of a removal of the county seat from the borough, the money should be refunded or the land and building conveyed to the borough; that the erection of a

building for a county building and city hall is beyond the authority of the county commissioners, and the devoting of the $5,000 to that purpose beyond the authority of the borough. The object of the action is to stop the whole thing. It is brought by three inhabitants of the county, one of whom is alleged to own real estate and to be a tax-payer within the borough, and the others to own real estate and to be tax-payers within the county, but not within the borough.

On motion of defendant Barnard, the whole complaint was struck out as to him, on the grounds that it is double; that it contains several causes of action not separately stated; and that it is so indefinite and uncertain that the precise nature of the charge is not apparent. On motion of the county commissioners and the county treasurer, certain portions of the complaint were struck out as irrelevant, immaterial and redundant. Both orders are appealed from. That a complaint does not state a cause of action, is a question which cannot be raised by motion to strike out. We are not called on, therefore, to determine its sufficiency in that respect.

We will consider first the order striking out the entire complaint as to Barnard. We see no indefiniteness or uncertainty in the statements of facts in the complaint. What facts the pleader intended to charge appears clearly. The objection that a pleading is indefinite or uncertain, for the purpose of a motion to strike out, can be made only when the allegations are so confused that what facts are intended to be charged is not apparent, or it is not apparent upon what facts alleged the party relies to sustain the action or defence. It is claimed that the complaint alleges facts proper to sustain an action which could be brought by tax-payers of the county, and also facts proper to sustain an action which could be brought only by a tax-payer of the borough,—the one for protection of the tax-payers of the county, the other for protection of the tax-payers of the borough. This is true. But a complaint by several plaintiffs is not obnoxious to the charge of duplicity on the ground that, in stating a cause of action in favor of all, facts are alleged which might sustain an action brought by only one of them. That seems to be all that is alleged in behalf of Barnard against the complaint. All of the plaintiffs are tax-payers of

the county. In setting forth the transaction between the borough and the commissioners which is the subject of the action, in order to show its illegality, and to sustain their action as tax-payers of the county, it was proper for them to show want of authority, not only on the part of the commissioners, but also on the part of the borough; for want of authority by either would vitiate the transaction. That the complaint prays as a part of the relief sought that the $5,000 be returned to the treasurer of the borough, has no effect to render it double, for, without that prayer, the court, having all the parties before it, might, if it found the transaction illegal, direct that to be done. The complaint is not obnoxious to the objection that it states several causes of action. The order striking out the complaint on Barnard's motion was therefore erroneous.

Of the portions of the complaint struck out, on motion of the county commissioners and county treasurer, that first occurring in the complaint, and designated in the order as "all that portion of said complaint between the words 'treasurer of said borough of Henderson,' in the sixth line of folio 7 of said complaint, and the words 'that in pursuance,' in line 5 of folio 10 thereof," was properly struck out; for we can see no contingency in the trial in which it would be proper to prove the allegations contained in that portion, or in which, if proved, they could have the least effect on the case.

The other allegations struck out were intended to charge Barnard with knowledge of the facts constituting the transaction illegal, to show that he is a proper party defendant, and that what he has done, and is about to do, in furtherance of the arrangement between the borough and the commissioners, is wrongful, and to the prejudice of the tax-payers of the county; suitable allegations to make in regard to him as a defendant, and also to charge that the contract with him is illegal, because made by a committee of the board of county commissioners without its terms being acted on by the board, the board having delegated its discretion in that regard to the committee. The question of law indicated by these allegations is one which the plaintiffs have a right to present to the court, and allegations appropriate for presenting it certainly cannot be regarded as redundant.

The order striking out the complaint on the motion of Barnard is reversed. The order striking out portions of the complaint is affirmed as to the portions struck out first occurring in the complaint, and reversed as to the residue.